UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MENYUON MILLER | * | CASE NO. |
| | * | |
| versus | * | JUDGE |
| | * | |
| TARGET CORPORATION of MINNESOTA | * | MAGISTRATE Judge |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

### NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel comes defendant Target Corporation of Minnesota, a/k/a Target Corporation, a Minnesota Corporation, qualified to do business in Louisiana as Target Corporation of Minnesota (hereinafter "Target"), who hereby request this Honorable Court to remove that certain matter styled, "Menyuon Miller versus Target Corporation of Minnesota" suit number 789-197, from the docket of the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, (hereinafter sometimes referred to as the "state court proceeding"), to the United States District Court for the Eastern District of Louisiana, on the following grounds, to-wit:

1.

On or about November 5, 2018, plaintiff filed a petition for damages against named defendant Target Corporation of Minnesota. Plaintiff Menyuon Miller alleged that she received personal injuries as a result of slipping and falling on or about December 18, 2017 at a Target store location in Harvey, Louisiana. Target was served with the petition for damages on November 26, 2018.

1

2.

Plaintiff alleged that she is a domicile of the Parish of Jefferson, State of Louisiana. Therefore, plaintiff is a citizen of the State of Louisiana.

3.

Defendant Target Corporation of Minnesota, a/k/a Target Corporation, is a corporation organized under the laws of the State of Minnesota with its principal place of business in Minneapolis, Minnesota.  Therefore, Target is a citizen of the State of Minnesota.

4.

Plaintiff and defendant are citizens of different states.

1. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PRUSUANT TO 28 U.S.C. § 1332.**

5.

28 U.S.C. § 1332 provides Federal District courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between- citizens of different States."

    A.    **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

6.

The petition for damages in the state court proceeding did not expressly set out a specific amount of damages which the plaintiff was seeking in the state court proceeding, i.e., the amount in controversy.  The petition only made generic allegations of damages that Menyuon Miller suffered severe and painful personal injuries as a result of her fall.  She alleged damages that

included past, present and future physical and mental pain and suffering; medical expenses, past and future; and lost wages and loss of earning capacity.

7.

The allegations of the state court petition were not such that it was readily ascertainable that the action was removable at the time of its filing. Target therefore commenced discovery serving written interrogatories and request for documents upon plaintiff.

8.

By letter dated February 5, 2019 Target received plaintiff's answers to Interrogatories and Responses to Request for Production of Documents. Those responses provided that plaintiff was initially treated at the Advance Medical Center complaining of low back and knee pain, with physical therapy and exams continuing through 11/5/18. An MRI of the lumbar spine reportedly revealed an L5-S1 torn annulus and herniated disc, and a left knee MRI reportedly showed past meniscus repair, and patellofemoral left knee malalignment. Plaintiff further treated with Dr. Jolly of Louisiana Pain Specialist starting on 5/21/18 with complaints of back pain related to her fall at Target. The assessments were chronic pain syndrome, spondylosis with radiculopathy lumbar and osteoarthritis of left knee. Over the course of her treatment she received three lumbar epidural steroid injections. Then asserted medical specials and lost wages by plaintiff total $28,857.76.

9.

As a result of the medicals received from plaintiff in response to Target's discovery requests, Target issued a Request for Admissions to plaintiff on March 13, 2019 requesting that

plaintiff admit that her damages arising out of the incident did not exceed the total sum of $75,000 exclusive of interest and costs.  Plaintiff responded to the request for admissions on June 12, 2019 stating she could neither deny nor admit that the damages did not exceed $75,000 exclusive of interest and costs as discovery and treatment were ongoing.

10.

During the next two months following the receipt of plaintiff's Responses to Request for Admissions, Target requested a settlement demand from plaintiff no less than five times.  As plaintiff failed to provide a demand, Target on October 1, 2019 served a second Request for Admissions on plaintiff asking plaintiff to admit or deny that the damages complained of did not exceed $75,000 exclusive of interest and costs.

11.

Responses to the Second Request for Admissions were due on or about November 1, 2019.  Plaintiff failed to respond to the Second Request for Admissions.  Accordingly, as of November 1, 2019 plaintiff's failure to respond to the Second Request for Admission deems the matter admitted under Louisiana Code of Civil Procedure article 1467.  Thus, as of November 1, 2019, plaintiff admitted that her damages **did not** exceed $75,000 exclusive of interest and costs.

12.

Further, under Louisiana Code of Civil Procedure article 1468, any matter admitted is conclusively established unless the court upon motion allows withdrawal or amendment of the admission.  Here, plaintiff has not moved to withdraw or amend the Second Request for Admission.

13.

Target continued its attempts to request a settlement demand from plaintiff. After several more requests Target, on August 31, 2020, received a demand dated August 25, 2020 from plaintiff in the amount of $335,691.00. At no time prior to this demand had plaintiff put Target on notice that the amount in controversy exceeded $75,000 exclusive of interest and costs. In fact, at the time the demand was received, plaintiff had conclusively admitted that the damages did not exceed $75,000 exclusive of interest and costs.

14.

Plaintiff's demand dated August 25, 2020 constitutes an "other paper" from when it first may be ascertained that the above captioned matter is removable. Therefore, within the last 30 days, Target has received "other paper(s)" which evidence that the amount which plaintiff will seek in the state court proceeding, i.e., the amount in controversy, will exceed $75,000.00, exclusive of interest and costs.

15.

Target is now informed and believes that the amount in controversy for the matter will exceed $75,000 exclusive of interest and costs.

16.

While Target admits no liability, nor any element of damages, based upon plaintiff's August 25, 2020 demand, Target is informed and believes that Target has met its burden of showing that the amount in controversy for Menyuon Miller's claims are in excess of

SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

### B. COMPLETE DIVERSITY

17.

Defendant Target is a foreign corporation organized under the laws of the State of Minnesota, with its principal place of business in Minneapolis.

18.

Plaintiff is a resident of and domiciled in the Parish of Jefferson, State of Louisiana.

19.

Accordingly, there is complete diversity of citizenship between the plaintiff and defendant.

20.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II. DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

21.

Defendant Target was served with the Petition for Damages through its registered agent for service of process on November 26, 2018. It was not readily ascertainable from the petition

SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

### B. COMPLETE DIVERSITY

17.

Defendant Target is a foreign corporation organized under the laws of the State of Minnesota, with its principal place of business in Minneapolis.

18.

Plaintiff is a resident of and domiciled in the Parish of Jefferson, State of Louisiana.

19.

Accordingly, there is complete diversity of citizenship between the plaintiff and defendant.

20.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II. DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

21.

Defendant Target was served with the Petition for Damages through its registered agent for service of process on November 26, 2018. It was not readily ascertainable from the petition

for damages whether the matter was removable at that time. The original petition only made general allegations of damages without information as to medical expenses, treatment rendered, and/or diagnosed conditions. Those generic allegations did not allow for removal at the time of service of same upon defendant.

22.

Plaintiff's demand constitutes "other papers" from which it has become first ascertainable that the matter was removable. Therefore, this Notice of Removal is being filed within thirty (30) days after first receipt by defendant of a copy of another paper/pleading from which it may first be ascertained that the case is one which is or has become removable. This notice of removal is further timely as it is being filed pursuant to 28 U.S.C. 1446 (c) (1) as plaintiff has acted in "bad faith" to prevent Target's removal.

23.

Plaintiff's bad faith is evidenced by plaintiff's first responses to request for admissions, and plaintiff's failure to respond to the second request for admissions, and the events surrounding plaintiff's demand after the one year removal period had passed. Target specifically issued tailored discovery to obtain the true amount in controversy within one year of being served with plaintiff's suit. After plaintiff first responded that it could not admit nor deny whether damages exceeded $75,000, Target requested a settlement demand. None was forthcoming. As the one year period for removal was forthcoming, Target issued a second request for admission seeking plaintiff to admit that damages did not exceed $75,000. Plaintiff did not respond and thus, it was deemed admitted that plaintiff's damages did not exceed

7

$75,000. Target continued to request a demand, and relied on plaintiff's admission. Now, after the time for removal has past, plaintiff asserted that her damages exceed $75,000. Target submits plaintiff acted in bad faith in allowing the second request for admissions to go unanswered, deeming it admitted that the amount in controversy was less than would allow for removal, and now seeking damages in excess of federal jurisdiction after the removal period has passed.

24.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different states.

25.

The 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a).

26.

No previous application has been made by defendant in this case for the relief requested herein.

27.

Defendant wishes to remove the claims which have been asserted by plaintiff in the state court proceeding to the United States District Court for the Eastern District of Louisiana. The claims that plaintiff, Menyuon Miller, now asserts in the state court proceeding are claims between citizens of different states involving more than $75,000, exclusive of interest and costs. Therefore, the claims which plaintiff, Menyuon Miller, have asserted in the state court proceeding fall within the jurisdiction of the United States District Court and may properly be removed to the United States District Court for the Eastern District of Louisiana. See, 28 U.S.C. § 1332, 28 U.S.C. §§ 1441 & 1446-1451.

22.

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition, The Request for Admissions, The Responses to Request for Admissions, and The Second Request for Admissions are attached hereto as exhibits A, B, C, and D, respectively. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Menyuon Miller, and a copy is being filed with the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

23.

Target Corporation of Minnesota, a/k/a Target Corporation, a Minnesota Corporation, qualified to do business in Louisiana as Target Corporation of Minnesota, respectfully requests that this Notice of Removal be filed into the record of the United States District Court for the Eastern District of Louisiana, effecting a removal of that certain matter styled, "Menyuon Miller

versus Target Corporation of Minnesota" suit number 789197, from the docket of the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana.

23.

Defendant Target Corporation of Minnesota, a/k/a Target Corporation, a Minnesota Corporation, qualified to do business in Louisiana as Target Corporation of Minnesota, is entitled to and hereby requests **trial by jury** of all issues herein.

WHEREFORE, defendant, Target Corporation of Minnesota, hereby removes this action from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully Submitted:
**LAWRENCE, KNIGHT & CURLIN**

By:    **/s/David P. Curlin**
David P. Curlin (#20771)
John S. Lawrence, Jr. a P.L.C. (#19678)
225 St. Ann Drive
Mandeville, Louisiana 70471
Telephone:  (985) 674-4446
David@lawrence-knight.com
John@lawrence-knight.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2020 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:  William Mura, attorney for plaintiff.

    **/s/David P. Curlin**